MURRAY, P.J.
(concurring). I concur in the majority opinion’s statutory analysis, which in the end properly concludes that the Legislature did not include a fetus in the definition of “child” for purposes of the first-degree child abuse statute. MCL 750.136b(2). I write separately to briefly address several arguments put forth by defendant. First, although in her brief defendant discusses Roe v Wade, 410 US 113; 93 S Ct 705; 35 L Ed 2d 147 (1973), and several federal and state decisions issued subsequent to Roe, as the majority opinion makes clear, this case is not about the Fourteenth Amendment of the United States Constitution. Instead, it is only about how to interpret a word used in a Michigan statute and how to apply the definition provided by the Legislature. As a result, whether Roe and its progeny were correctly decided (a matter which we have no control over anyway) is not an issue before this Court,[1] and consequently there is no reason to *433 opine on that issue. Second, we do not opine on whether a fetus should be included in the statutory definition of “child,” as that decision is solely within the province of the legislative branch. People v Williams, 288 Mich App 67, 74; 792 NW2d 384 (2010). Instead, this case, like most cases we deal with on a daily basis, requires us to apply statutory words and phrases and to determine their meaning as intended by the Legislature. Since the majority opinion has adequately done so, I fully concur in that opinion.

 But see Planned Parenthood of Southeast Penn v Casey, 505 US 833, 944; 112 S Ct 2791; 120 L Ed 2d 674 (1992) (Rehnquist, C. J., concurring in part and dissenting in part).